

# ER



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | | |
|---|---|---|
| LETRESSA WALKER | : | **16   1784** |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action File No.: |
| vs. | : | |
| | : | |
| DREXEL UNIVERSITY BOARD OF | : | |
| TRUSTEES; THE ACADEMY OF | : | |
| NATURAL SCIENCES OF DREXEL | : | |
| UNIVERSITY BOARD OF TRUSTEES; | : | **FILED** |
| DREXEL UNIVERSITY; | : | APR 13 2016 |
| JOHN FRY, President of Drexel University; | : | MICHAEL E. KUNZ, Clerk |
| CHARLES FRIEDMAN, Professor of | : | By_____ Dep. Clerk |
| Property Management; | : | |
| KIMBERLY MITCHELL, Director of | : | |
| Property Management | : | |
| | : | |
| Defendants. | : | |

---

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Letressa Walker (hereinafter "Plaintiff"), by and

through her undersigned counsel, and files this Complaint for Damages against

Defendants Drexel University Board of Trustees (hereinafter, "Board of

Trustees"), the Academy of Natural Sciences of Drexel University Board of

Trustees (hereinafter, "Academy of Natural Sciences"), Drexel University

1

(hereinafter "Drexel"), John Fry, Charles Friedman, and Kimberly Mitchell (hereinafter, each referred to as "Defendant") and collectively referred to as "Defendants" and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1343 on the grounds that this action arises under Section 504 of the Rehabilitative Act of 1973 (hereinafter, "Section 504") and Title III of the Americans with Disabilities Act (hereinafter, "ADA Title III").

2.

In addition, Plaintiff invokes this Court's pendent jurisdiction pursuant to 28 U.S.C. § 1367 with respect to Plaintiff's state law claims.

3.

The venue of this action is properly placed in the Eastern District of Pennsylvania, Philadelphia Division, pursuant to 28 U.S.C. § 1391, because the activities giving rise to Plaintiff's claims transpired in this district and Defendants are residents of this district.

## PARTIES

2

4.

Plaintiff is a female citizen of the United States of America, a resident of the State of Georgia, and submits to the jurisdiction of this Court.

5.

Defendant Board of Trustees oversees all activities of Drexel University in conjunction with Defendant Academy of Natural Sciences. Defendant Board of Trustees has the power to elect or appoint professors, educators and others necessary for all of the schools in the university system and to remove them as the good of the system or any of its schools or institutions or stations may require. Defendant Board of Regents maintains its principal office at 1900 Benjamin Franklin Pkwy Philadelphia, Pennsylvania 19104, and is subject to the jurisdiction of this Court. It may be served by delivering process to Michael J. Exler, Esq., who is Senior Vice President and General Counsel of Drexel University and one of its agents for service of process.

6.

Defendant Academy of Natural Sciences oversees all activities of Drexel University in conjunction with Defendant Board of Trustees. Defendant Academy of Natural Sciences has the power to elect or appoint professors, educators and others necessary for all of the schools in the university system and to remove them

3

as the good of the system or any of its schools or institutions or stations may require. Defendant Board of Regents maintains its principal office at 3141 Chestnut St. Suite 103 Philadelphia, Pennsylvania 19104, and is subject to the jurisdiction of this Court. It may be served by delivering process to Michael J. Exler, Esq., who is Senior Vice President and General Counsel of Drexel University and one of its agents for service of process.

.

7.

Defendant Drexel University is a non-profit educational institution located in Philadelphia, Pennsylvania, and is subject to the jurisdiction of this Court. Defendant Drexel University maintains its principal office at 3141 Chestnut St. Philadelphia, Pennsylvania 19104. It may be served through Michael J. Exler, Esq., who is Senior Vice President and General Counsel of Drexel University and one of its agents for service of process.

8.

Defendant John Fry was employed as President of Drexel University during the times relevant to this Complaint. He resides in Montgomery County, Pennsylvania and is subject to the jurisdiction of this Court.

9.

4

Defendant Charles Friedman was employed as a professor teaching a course (PRMT 695) in Property Management at Drexel University during the times relevant to this Complaint. He resides in Monroe County, Pennsylvania and is subject to the jurisdiction of this Court.

10.

Defendant Kimberly Mitchell was employed as Director of Property Management at Drexel University during the times relevant to this Complaint. She resides in Philadelphia County, Pennsylvania and is subject to the jurisdiction of this Court.

## STATEMENT OF FACTS

11.

On or around January 9, 2012 Plaintiff enrolled at Drexel University in its Masters of Property Management online program.

12.

Plaintiff has a documented learning disability. Specifically, Plaintiff suffers from Anxiety Disorder and Reading Rate Disability (*See* Assessment Report, attached hereto as Exhibit ("Ex.") A.).

13.

5

Defendant Drexel University and its agents were aware of Plaintiff's learning disability. (*See* Drexel University Office of Disability Resources Notice of Accommodations, attached hereto as Exhibit ("Ex") B.).

14.

Initially, Plaintiff excelled as a student at Drexel University.

15.

Things abruptly changed, however when Plaintiff enrolled in Defendant Friedman's PRMT 695 course.

16.

At the suggestion of the Drexel University's Office of Disability Resources, Plaintiff requested writing samples from Defendant Friedman.

17.

Defendant Friedman was aware of Plaintiff's learning disability. (See April 14, 2015 3:36 PM E-mail, attached hereto as Exhibit ("Ex") C.).

18.

Defendant Friedman refused to accommodate Plaintiff's learning disability, however, notwithstanding the fact Plaintiff had submitted all required health documentation to Drexel University.

19.

6

On April 25, 2015, Defendant Friedman e-mailed Plaintiff stating he did not accommodate Plaintiff's learning disability because he did not provide "remedial" instruction.

20.

Plaintiff responded by challenging Defendant Friedman's use of the term "remedial" to describe her learning disability.

21.

Plaintiff thereinafter informed her program advisor/program manager, Mercedes Moultrie, the Office of Disability Resources, and the Department of Property Management about Defendant Friedman's disparaging remarks regarding Plaintiff's learning disability.

22.

Shortly after this, Plaintiff began receiving abnormally low grades on assignments. When Plaintiff asked Defendant Friedman why her grades were so low, Defendant Friedman responded with reasons which were arbitrary and capricious.

23.

Defendant Friedman gave contradictory reasons as to why Plaintiff's grades were so low. Specifically, Defendant Friedman stated Plaintiff's writing was too concise and it was not concise enough.

24.

Shortly after this exchange, Defendant Friedman reported alleged acts of plagiarism by Plaintiff on a final paper to Defendant Mitchell, Director of Property Management at Drexel University. Thereinafter, Defendant Mitchell accused Plaintiff of plagiarism on said final paper in the PRMT 695 course.

25.

The alleged acts of plagiarism included improper publication year or page number in citation and citation misplacement.

26.

Plaintiff did indeed cite the work of other authors and the alleged acts are at worst acts of improper citation form and technique.

27.

Plaintiff challenged Defendant Mitchell's conclusion she had committed plagiarism. On four separate occasions, Plaintiff attempted to contact Defendant Mitchell to discuss the matter via e-mail and to confirm what they discussed in

writing, but Defendant Mitchell ignored Plaintiff for approximately one week before responding.

28.

Eventually, Defendant Mitchell abandoned her plagiarism charge against Plaintiff.

29.

Plaintiff thereinafter filed an internal complaint to Drexel University.

30.

Drexel University conducted an internal investigation into the conduct of Defendant Friedman and Defendant Mitchell and concluded instances of wrongdoing by Defendant Friedman and Defendant Mitchell.

31.

Plaintiff eventually failed the PRMT 695 course due to Defendant Friedman's failure to provide reasonable accommodations for Plaintiff's learning disability and Defendant Friedman's harbored discriminatory animus against Plaintiff.

32.

9

Plaintiff can no longer attend Drexel University and pursue her master's degree due to Defendant Friedman and Defendant Mitchell's discriminatory conduct.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF § 504 OF THE REHABILATIVE ACT OF 1973

33.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

34.

Upon information and belief, Defendants Board of Trustees, Academy of Natural Sciences, and Drexel University have at all times relevant hereto directly and/or indirectly received and continue to receive federal financial assistance.

35.

Plaintiff suffers from a learning disability.  Specifically, Plaintiff suffers from Anxiety Disorder and Reading Rate Disability.

36.

Defendants Board of Trustees, Academy of Natural Sciences, and Drexel University were aware Plaintiff suffers from Anxiety Disorder and Reading Rate Disability.

10

37.

Notwithstanding, Plaintiff was excluded from the participation of and denied the benefits of educational opportunities by reason of her disability.

38.

Specifically, Defendant Friedman, professor and employee of Defendant Drexel University, disparaged and discriminated against Plaintiff through insulting language and arbitrary grading criteria solely by reason of Plaintiff's disability.

39.

By the above acts and practices, Defendants Friedman, Board of Trustees, Academy of Natural Sciences, and Drexel University have discriminated against Plaintiff on the basis of her disability in violation of § 504 of the Rehabilitation Act of 1973 by condoning, encouraging, and/or participating in the discrimination and showing deliberate indifference to the disability discrimination to which Plaintiff was subjected to.

40.

Defendants Friedman, Board of Trustees, Academy of Natural Sciences, and Drexel University engaged in these discriminatory practices with malice and with reckless indifference to Plaintiff's rights protected under federal law.

41.

11

Due to the discriminatory treatment of Plaintiff by reason of her disability, Plaintiff can no longer continue her studies in the hostile environment at Drexel University which renders her academic credits at Drexel University of little economic worth without a degree.

42.

As a direct and proximate result of the conduct and acts of Defendants Friedman, Board of Trustees, Academy of Natural Sciences, and Drexel University in violation of § 504 of the Rehabilitation Act of 1973, Plaintiff has suffered and will continue to suffer irreparable injury, damage to her reputation, monetary and/or economic harm for which she is entitled to an award of monetary damages and other equitable and/or injunctive relief.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

43.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

44.

Drexel University is a place of public accommodation. Specifically, with approximately 25,000 students Drexel University is one of America's 15 largest private universities.

12

45.

Plaintiff suffers from a learning disability. Specifically, Plaintiff suffers from Anxiety Disorder and Reading Rate Disability.

46.

Defendants Board of Trustees, Academy of Natural Sciences, and Drexel University were aware Plaintiff suffers from Anxiety Disorder and Reading Rate Disability.

47.

Notwithstanding, Defendant Friedman, professor and employee of Defendant Drexel University, failed to provide reasonable accommodation for Plaintiff's learning disability, thus screening her out from fully and equally enjoying educational opportunities equal to her peers without disabilities solely by reason of Plaintiff's disability.

48.

By the above acts and practices, Defendants Friedman Board of Trustees, Academy of Natural Sciences, and Drexel University have discriminated against Plaintiff on the basis of her disability in violation of Title III of the Americans With Disabilities Act by condoning, encouraging, and/or participating in the

13

discrimination and showing deliberate indifference to the disability discrimination to which Plaintiff was subjected to.

49.

Defendants Friedman, Board of Trustees, Academy of Natural Sciences, and Drexel University engaged in these discriminatory practices with malice and with reckless indifference to Plaintiff's rights protected under federal law.

50.

As a direct and proximate result of the conduct and acts of Defendants Friedman, Board of Trustees, Academy of Natural Sciences, and Drexel University in violation of Title III of the Americans With Disabilities Act, Plaintiff has suffered injuries for which she is entitled to injunctive relief and reasonable attorneys' fees.

## COUNT III
## RETALIATION

51.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

52.

14

Upon information and belief, Defendants Board of Trustees, Academy of Natural Sciences, and Drexel University have at all times relevant hereto directly and/or indirectly received and continue to receive federal financial assistance.

53.

By the above acts and practices, including the act of Defendant Friedman arbitrarily and discriminatorily issuing low grades to Plaintiff, including the act of Defendant Mitchell's meritless charge of plagiarism against Plaintiff, shortly in response to Plaintiff's request for reasonable accommodation for her learning disability and for her not to be disparaged for her learning disability, Defendants have retaliated against Plaintiff for her opposition to the actions that violate § 504 of the Rehabilitation Act of 1973 and Title III of the Americans With Disabilities Act by condoning, encouraging and/or participating in the retribution.

54.

Defendants engaged in these discriminatory practices with malice and with reckless indifference to Plaintiff's rights protected under federal law.

55.

As a direct and proximate result of the conduct and acts of these Defendants in violation of § 504 of the Rehabilitation Act of 1973 and Title III of the

15

Americans With Disabilities Act, Plaintiff has suffered and will continue to suffer irreparable injury, damage to her career and reputation, monetary and/or economic harm, for which she is entitled to an award of monetary damages and other equitable and/or injunctive relief.

## COUNT IV
## CLAIMS FOR RELIEF UNDER STATE LAW
## NEGLIGENT HIRING, RETENTION AND SUPERVISION

56.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

57.

Defendants Board of Trustees, Academy of Natural Sciences, and Drexel University knew, or in the exercise of ordinary diligence, should have known of the propensity of its employees to engage in discriminatory conduct toward students based on their disabilities.

58.

Defendants Board of Trustees, Academy of Natural Sciences, and Drexel University nevertheless failed and refused to act to protect Plaintiff.

59.

16

Defendants Board of Trustees, Academy of Natural Sciences, and Drexel University are thus liable to Plaintiff for all the damages sustained as a result of their negligence.

## COUNT V
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS

60.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

61.

Defendants' conduct was extreme and outrageous.

62.

Defendants intended to inflict severe emotional distress or knew that there was a high probability that their conduct would have this effect.

63.

Defendants' conduct actually caused severe emotional distress.

64.

Defendants Board of Trustees, Academy of Natural Sciences, and Drexel University are strict liable for the acts of Defendant Friedman, Defendant Mitchell,

17

and its agents and is therefore liable for all general and special damages proximately resulting from their intentional infliction of emotional distress.

## COUNT VI
## PUNITIVE DAMAGES

65.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

66.

Defendants' actions with respect to Plaintiff have shown willful misconduct, malice, fraud, wantonness, oppression, and a complete want of care, thus entitling Plaintiff to an award of punitive damages in order to deter, punish and penalize Defendants for and from such conduct in the future.

## COUNT VII
## ATTORNEY'S FEES

67.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

68.

Plaintiff is entitled to an award of attorney's fees and expenses of litigation on each and every cause of action alleged herein, because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

1) General damages for mental and emotional suffering caused by Defendants' misconduct;

2) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including Defendants Board of Trustees, Academy of Natural Sciences, and Drexel University's ratification, condonation, and approval of said acts;

3) Special damages, liquidated damages, and/or post judgment interest thereon as permitted by law;

4) Reasonable attorney's fees and expenses of litigation;

5) Trial by jury as to all issues;

6) Prejudgment interest at the rate allowed by law;

7) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

8) Injunctive relief, and prohibiting Defendants from further unlawful conduct of the type described herein and, *inter alia*, from providing negative, misleading and/or disparaging references pertaining to

19

Plaintiff's academic achievements and/or inaccurately maintaining Plaintiff's academic record;

9) Directing Defendants Board of Trustees, Academy of Natural Sciences, and Drexel University to take such affirmative action as is necessary to ensure that the effects of these unlawful academic practices are eliminated and do not continue to affect Plaintiff's educational opportunities, including the removal of Plaintiff's failing grade for Defendant Friedman's PRMT 695 course, and associated negative documentation from Plaintiff's academic file;

10) Directing Defendant Drexel University to enter a withdrawal on Plaintiff's academic record for the PRMT 695 course; and

11) All other relief to which Plaintiff may be entitled.

20

Respectfully submitted this 12th day of April, 2016.

RYDER, LU, MAZZEO &
KONIECZNY, LLC

*Alison R. Dudick*

Alison R. Dudick (PA ID No.80305)
Kao Lu (PA ID No. 83816)
1425 E. Darby Road
Havertown, PA 19083
Tel: (610) 446-2563
Fax: (610) 446-8841
Email: adudick@ryderlu.com
        klu@ryderlu.com


LAW OFFICE OF ATTORNEY
DAVID CHENG
1801 Peachtree Rd., NW Suite 155
Atlanta, Georgia 30309
*To be admitted Pro Hac Vice*


*Attorneys for Plaintiff*

21